IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARION G. TAVERNARIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Civil Action No. 07-127 |
| | ) | |
| CITY OF BEAVER FALLS, PA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

CONTI, District Judge.

## MEMORANDUM ORDER

Plaintiff Marion G. Tavernaris ("plaintiff") filed a civil rights complaint in the Court of Common Pleas of Beaver County, Pennsylvania, alleging that the City of Beaver Falls, Pennsylvania (the "City"), its Police Chief Gary Minnitte ("Minnitte"), its Police Captain Jeffrey Becze ("Becze"), and its Police Officers Thomas Lococo ("Lococo") and John Deluca ("Deluca"and collectively with the City, Minnitte, Becze, and Lococo, "defendants") deprived her of her right to be free from unfounded prosecution and of her property without due process of law in violation of 42 U.S.C. §1983. Defendants filed a timely notice of removal to this court. It is not disputed that the court has original jurisdiction over this matter pursuant to 28 U.S.C. §§1331 and 1334.

This case arises from plaintiff's arrest on October 7, 2004 when at the direction of Minnitte, Lococo arrested plaintiff and filed charges against her for violating a protection from abuse order obtained against her by Kenneth Lopez ("Lopez") dated September 29, 2004 (the "PFA Order"), which excluded plaintiff from certain real property and prohibited her from

contacting Lopez by any means, including through third persons. As a result of her arrest, plaintiff was arraigned before a magisterial district judge, after which the PFA Order was dismissed, and the case against plaintiff was dismissed with prejudice.

Believing that defendants violated her civil rights, plaintiff commenced this action, alleging that the individual defendants violated her rights under the Fourth, Fifth, and Fourteenth Amendments by arresting her without probable case (counts I and II of the complaint). With regard to plaintiff's claim against the City, plaintiff argues that the City violated her civil rights by failing to provide adequate training and supervision to its police officers and maintaining a policy which led to her injuries.

On October 31, 2007, defendants moved for summary judgment with respect to all plaintiff's claims, which plaintiff opposed. On January 2, 2008, a Report and Recommendation (the "R&R") was issued by a magistrate judge, in which it was recommended that defendants' motion for summary judgment be granted. The R&R concluded that 1) Lococo and Minnitte were entitled to qualified immunity because there was probable cause to arrest plaintiff for violating the PFA Order; 2) the record failed to show that Becze and DeLuca participated in filing charges and arresting plaintiff, but if they were involved, they too were entitled to qualified immunity; and 3) since plaintiff failed to show that the individual defendants violated her rights, her section 1983 claim against the City could not lie.

The parties were given an opportunity to file written objections to the R&R, and on January 28, 2008, plaintiff filed objections. On February 1, 2008, defendants submitted a response to plaintiff's objections.

2

In objecting to the recommended grant of summary judgment for the individual defendants, plaintiff argues that the R&R resolved questions of fact in favor of defendants and erred in concluding that Lococo and Minnitte had probable cause to arrest plaintiff for violating the PFA Order and finding that the individual defendants were entitled to qualified immunity.

*Discussion*

After considering the record as a whole, this court concludes that plaintiff's objections lack merit. The R&R did not resolve factual questions in defendants' favor; rather, the record considered as a whole supports the recommendation that defendants' motion for summary judgment be granted.

The crux of plaintiff's objections relates to whether probable cause existed for her arrest. The R&R recommended that this court find Lococo and Minnitte had probable cause to arrest plaintiff. An officer can find that there is probable cause present "if there is a fair probability that the person committed the crime at issue." Wilson v. Russo, 212 F.3d 781, 789 (3d Cir. 2000). In other words, "if at the moment the arrest was made...the facts and circumstances within the defendant's knowledge and of which he had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the plaintiff had violated the law, probable cause is present." Merkle v. Upper Dublin School Dist., 211 F.3d 782, 789 (3d Cir. 2000) (quoting Hunter v. Bryant, 502 U.S. 224, 228 (1991))(emphasis added). Once probable cause is established through the statements of a credible witness, officers have no duty to search for exculpatory evidence or investigate the circumstances surrounding an incident. See Mustafa v. City of Chicago, 442 F.3d 544, 548 (7th Cir. 2006). Officers are also permitted to rely on the reports of other officers and their own observations when determining whether probable cause

was present. See Panetta v. Crowley, 460 F.3d 388, 395 (2d Cir. 2006). The only facts that are relevant to determining whether there was probable cause to arrest are those known to officers before the arrest. See Hart v. Parks, 450 F.3d 1059, 1063 n.3 (9th Cir. 2006).

The question of probable cause in a section 1983 claim is generally one for the jury. Merkle, 211 F.3d at 789. It is particularly a jury issue where probable cause rests on a credibility determination. Id. A district court, however, may conclude "that probable cause exists as a matter of law if the evidence, viewed most favorably to plaintiff, reasonably would not support a contrary factual finding." Id. (quoting Sherwood v. Mulvihill, 113 F.3d 396, 401 (3d Cir. 1997)). It is the responsibility of the court to assess the objective facts available to the officers at the time of the arrest and determine if they were sufficient to justify a reasonable belief that a plaintiff broke the law. See Sharrar v. Felsing, 128 F.3d 810, 818 (3d Cir. 1997). To determine whether there are sufficient facts present to warrant probable cause, the court applies a totality of the circumstances approach. Merkle, 211 F.3d at 789.

Based upon the undisputed facts of record and viewing these facts and drawing all reasonable inferences in plaintiff's favor, this court finds that it was objectively reasonable for Lococo and Minnitte to conclude that probable cause was present under the totality of the circumstances. The record reflects that there was an ongoing property dispute between plaintiff and Lopez. (Doc. No. 11, Exs. A, B, C, D, E, F, G, H, I, J; Doc. Nos. 13-3, 13-5). The PFA Order was issued on September 29, 2004 against plaintiff.(Doc. No.11, Ex. E). There were a number of calls by Lopez reporting incidences at the residence and several times a police presence at the property was required. (Doc. No. 11, Exs. B, C, D, E, F, G, H, I, J; Doc. Nos. 13-3, 13-5). Officers were present at the residence on two occasions when there were incidences

between plaintiff and Lopez or between a third party associated with plaintiff and Lopez. Detective Burau and Becze were present during an episode where plaintiff attempted to enter the residence on September 28, 2004, and Lococo was present when certain individuals claiming to be tenants under a lease with plaintiff attempted to enter onto the premises on October 2, 2004. (Doc. No. 11, Exs. C and H). In the time prior to plaintiff's arrest, no exculpatory evidence was provided by plaintiff. (Doc. No. 11, Exs. B, C, D, E, F, G, H, I, J; Doc. Nos. 13-3, 13-5). The observations of the officers coupled with the PFA Order and the information obtained from Lopez constitute the objective facts available to Minnitte and Lococo which justify a reasonable belief that plaintiff broke the law.(Doc. No. 13-5; Doc. No. 11, Ex. J).

Under the totality of the circumstances described above and in the R&R, it was objectively reasonable for Lococo and Minnitte to conclude that Lopez's complaints were trustworthy and that probable cause was present. The record supports the recommendation that the court find the individual defendants were entitled to qualified immunity.

Finally, plaintiff objects to the recommended grant of summary judgment for the City, based upon her assertion that the individual defendants violated her civil rights. Since this court concludes that the record supports a finding that the individual defendants are entitled to qualified immunity with respect to plaintiff's section 1983 claims, plaintiff's section 1983 claim against the City can not lie .

After independent review of the submissions of the parties, the R&R, as well as the objections and responses thereto,

IT IS ORDERED, this 25th day of June, 2008 that the defendants' motion for summary judgment (Doc. No. 10) is GRANTED.

BY THE COURT:

<u>/s/ Joy Flowers Conti</u>
Joy Flowers Conti
U.S. District Judge